# EXHIBIT A-2

Filed
Stephanie Menke
District Clerk
5/11/2021 3:40 PM
Potter County, Texas
By KG Deputy

110355-C-CV

## CAUSE NO. _____

### JURY TRIAL DEMANDED

251st

| | | |
|---|---|---|
| JEREMY FRANCIS and wife APRIL FRANCIS | § § § | IN THE _____ DISTRICT COURT |
| Plaintiffs, | § § | |
| VS. | § § | IN AND FOR |
| SPECIALIZED RAIL SERVICE, INC., and RAMON A. BROWN, | § § § | |
| Defendants. | § § | POTTER COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Jeremy Francis, and wife, April Francis (collectively referred to as "Plaintiffs") complaining of Specialized Rail Services, Inc. ("Defendant SRS"), and Ramon A. Brown ("Defendant Brown") (collectively referred to as "Defendants") and for cause of action would show:

### I. DISCOVERY PLAN

1.     Pursuant to Tex. R. Civ. P. 190.1, Plaintiffs intend for discovery to be conducted under level 3 and in accordance with the Tex. R. Civ. P. 190.4 Discovery Control Plan.

### II. PARTIES

2.     Plaintiff, Jeremy Francis, is an individual who resides in Amarillo, Potter County, Texas. For identification purposes the last three digits of his driver license are 101 and the last three digits of his social security number are 038.

3.     Plaintiff, April Francis, is an individual who resides in Amarillo, Potter County, Texas. For identification purposes the last three digits of her driver license are 535 and the last three digits of her social security number are 335.

4.     Defendant SRS is a Utah corporation which regularly conducts business in the state of Texas and may be served with process by serving its registered agent, Matt Pigott, 120 E. 700 S., Clearfield, Utah, 84015.

5.     Plaintiffs specifically invoke the right to institute this suit against whatever entity was conducting business using the assumed or common name of SRS with regard to the events described in this petition. Plaintiffs expressly invoke this right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of the party substituted at a later time upon the motion of any party or the Court.

6.     Defendant Brown is an individual, resident of Nevada who was conducting business in the State of Texas at the time of the events made the basis of this lawsuit and who may be served with citation at his place of residence, 8440 Las Vegas Blvd. S., Apt. B227, Las Vegas, Nevada, 89123-1607, or wherever he may be found.

### III.     MINSOMER/ALTER EGO

7.     In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

2

### IV. JURISDICTION

8.      The court has jurisdiction over Defendant SRS because it does business in Texas, has committed a tort, in whole or in part, in Texas, has continuing contacts with Texas, and is amenable to service by a Texas court.

9.      The court has jurisdiction over Defendant Brown, a nonresident, because Defendant was involved in a wreck while operating a tractor-trailer in Texas, as more fully described below.

10.      The court has jurisdiction over the controversy because the amount for which Plaintiffs herein sue is within the jurisdictional limits of the court.

### V. VENUE

11.      Venue of this action is proper in Potter County, Texas, because a substantial part of the events or omissions giving rise to this claim occurred in this county.  CIV. PRAC. & REM. CODE §15.002(a)(1).

### VI. FACTS

12.      This is an action for money damages arising from a wreck between a tractor-trailer driven by Defendant Brown and owned by Defendant SRS and an auto driven by Plaintiff Jeremy Francis which injured him and resulted in the damages to Plaintiffs more fully described below.

13.      On or about May 13, 2019 at approximately 10:10 a.m. Defendant Brown was driving a tractor-trailer owned by SRS in the northbound straddling the center line of the 1500 block of Quarter Horse Dr. in Amarillo, Texas.  Defendant Brown failed to signal his turn and made an improper right turn across the left and right northbound lanes hitting Plaintiff's vehicle which was legally travelling northbound in the right lane.

3

14.     As a result of the wreck, Plaintiff Jeremy Francis suffered serious and permanent bodily injuries.

## VII. NEGLIGENCE

### Ramon Brown

15.     Upon information and belief, Defendant Ramon Brown was negligent in one or more of the following ways:

a.     by making an unsafe right turn across two lanes of traffic;

b.     by failing to signal his turn;

c.     by failing to yield right of way to Plaintiff Jeremy Francis;

d.     by to pay proper attention to the roadway and vehicles around him;

e.     by failing to take evasive action necessary to avoid the collision;

f.     by failing to exercise due care in the operation of a tractor-trailer.

14.     Each of the foregoing acts and omissions, whether taken singularly or in any combination, was a proximate cause of the collision made the basis of this suit and Plaintiffs' resulting injuries and damages.

## VIII. NEGLIGENCE PER SE

### Ramon Brown

16.     Upon information and belief, Defendant Brown was negligent per se in violating one or more of the following laws and regulations which govern driving in the State of Texas and transportation of property or passengers in interstate commerce:

a.     by violating TEXAS TRANSP. CODE ANN. § 545.060 by failing to drive entirely within a single lane and by moving from his lane when it could not be done safely;

4

b.    by violating TEXAS TRANSP. CODE ANN. § 545.103 by attempting to make a right-hand turn and moving right on a roadway when it was unsafe to do so; and

c.    by violating TEXAS TRANSP. CODE ANN. § 545.104 by failing to signal his intention to turn right;

17.    Plaintiff Jeremy Francis is among the class of persons sought to be protected by the statutes and rules Defendant Brown violated.

18.    Each of the forgoing violations, whether taken singularly or in any combination, was the proximate cause of the collision made the basis of this suit and of Plaintiffs' resulting injuries and damages.

### IX. Claims for Vicarious Liability
### Specialized Rail Service, Inc.

#### A. *Respondeat Superior*

19.    Upon information and belief and at all times relevant Defendant Brown was in the course and scope of his employment with Defendant SRS or at a minimum was acting as the agent servant of Defendant Specialized Rail Service, Inc. and in furtherance of its business.

20.    At a minimum, Defendant Brown was a statutory employee of Defendant SRS as defined by 49 CFR 390.5 and as adopted by 37 TAC § 4.11.

21.    Defendant SRS was, therefore, liable for Plaintiffs' damages under the theory of *respondeat superior*.

#### B. Contractual Right of Control

22.    In the alternative, Defendant SRS formed a contract with Defendant Brown which gave it a right of control over Defendant Brown's work as a truck driver.

5

23.     Therefore, to the extent Defendant Brown was acting as an independent contractor outside of actual or statutory employment at the time of the wreck, Defendant Specialized Rail Service, Inc. is vicariously liable for the negligence of Defendant Brown.

## X.  DAMAGES

### A. Jeremy Francis

24.     As a direct and proximate result of Defendant's negligence, Plaintiff Jeremy Francis, suffered serious physical injuries.

25.     Plaintiff Jeremy Francis sues Defendants for the following damages:

a.      physical pain and mental anguish in the past and future;

b.      physical impairment in the past and, in reasonable probability, will be sustained in the future;

c.      loss of earning capacity in the past and, in reasonable probability, will be sustained in the future; and

d.      reasonable and necessary medical expenses incurred in the past and in the future for the treatment of his injuries.

### B. April Francis

26.     As a direct and proximate result of Defendant's negligence Plaintiff, April Francis, has suffered loss of consortium and household services as a result of the injuries sustained by her husband as described above.   Therefore, Plaintiff, April Francis, sues Defendant for past and future loss of consortium and past and future loss of household services.

## XI. RULE 47 CLAIM FOR RELIEF

27.     In accordance Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs state that they seek only monetary relief of more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## XII. JURY DEMAND

28.     Plaintiffs hereby demand a trial by jury.

## XIII. PRAYER

29.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein and that upon final jury hearing hereof they have:

a.     Jury verdict against the Defendants for the full amount of Plaintiffs' damages, and thereafter judgment on the jury verdict;

b.     Pre-judgment and post-judgment interest as provided by law;

c.     Costs of suit; and

d.     Such other and further relief, special or general, at law or in equity, to which Plaintiffs may show themselves justly entitled.

## XIV. DISCOVERY REQUESTS

30.     Pursuant to TEX. R. OF CIV. P. 194, Plaintiffs request Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2. The statutory requests for disclosure to Defendants as enumerated by TEX. R. OF CIV. P 194.2(1) through (12), inclusive, are hereby incorporated as if fully set forth herein.

7

Respectfully submitted,

HOFFMAN, SHEFFIELD, SAUSEDA & HOFFMAN, PLLC
1008 S. Madison
Amarillo, Texas 79101
Telephone:   (806) 376-8903
Fax:               (806) 376-5345


 /s/ Chris Hoffman
Chris Hoffman
State Bar No. 24002299
choffman@hsshlaw.com

Tim Hoffman
State Bar No. 09788600
thoffman@hsshlaw.com

Attorneys for Plaintiffs

8